UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KAREN SZANYI,<br>*Plaintiff*, | ) CASE NO. 3:22-cv-1253 (KAD)<br>)<br>) |
| v. | )<br>) |
| TIMETHEA PULLEN, *et al.*,<br>*Defendants*. | ) JANUARY 30, 2023<br>) |

**MEMORANDUM OF DECISION**
**RE: RESPONDENTS' MOTION TO DISMISS (ECF NO. 8)**

Kari A. Dooley, United States District Judge:

Petitioner, Karen Szanyi ("Szanyi"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Szanyi contends that she has not been awarded earned time credits to which she is entitled under the First Step Act ("FSA") and, if such credits were awarded, she would be immediately eligible to begin her period of supervised release and, possibly, discharged. For relief, she asks this court to "order the BOP to apply petitioner's earned time credits immediately and in light of due process will in fact grant the petitioner immediate release as with the calculation of time credits her incarceration period will be expired." ECF No. 1 at 2.

In response to the Court's order to show cause, Respondents have filed a motion to dismiss the petition, stating that all earned time credits have been calculated but application of those credits to Szanyi's sentence is premature. Szanyi has not responded to the motion. For the following reasons, the motion to dismiss is GRANTED. (ECF No. 8)

**Background**

On December 21, 2018, Congress enacted the FSA, which encouraged federal inmates to participate in evidence-based recidivism reduction programs ("EBRRs") and other productive activities ("PAs"). Inmates earn time credits upon successful participation in these activities and

time credits qualify the inmates for early release from custody. *See* 18 U.S.C. §§ 3632(d)(4)(C), 3624(g)(1)(A).

Application of time credits enables an inmate to be transferred sooner to prerelease custody, either in a residential reentry center or on home confinement, or supervised release. *See* 18 U.S.C. § 3624(g). Inmates classified as minimum or low risk of recidivism are eligible to earn either 10 or 15 days of credit for every 30 days of successful participation in EBRRs or PAs. *See* 18 U.S.C. § 3632(d)(4)(A). If the inmate's sentence includes a period of supervised release, "the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months." 18 U.S.C. § 3624(g)(3).

There are some situations, however, where an otherwise eligible inmate will not be considered as "successfully participating" in EBRRs or PAs to be considered for FSA time credit. Such situations include, but are not limited to:

- i) Placement in a Special Housing Unit;
- ii) Designation status outside the institution (e.g. for extended medical placement in a hospital or outside institution, an escorted trip, a furlough, etc.);
- iii) Temporary transfer to the custody of another federal or non-federal government agency (e.g. on state or federal writ, transfer to state custody for service of sentence, etc.);
- iv) Placement in mental health/psychiatric holds; or
- v) "Opting out" (choosing not to participate in the EBRR programs or PAs that the Bureau has recommended based on the inmate's individual risk and needs assessment).

28 C.F.R. § 523.41(c)(4)(i)-(v).

Szanyi was sentenced on January 25, 2022, in the Western District of Texas. *See* Resp. Mem. Ex. A, ECF No. 8-2 at 2. Prior to sentencing, she was in pretrial/presentence custody of the U.S. Marshal Service. Szanyi remained in the custody of the U.S. Marshal Service until she arrived at FCI Danbury, her designated BOP institution, on April 20, 2022. *See* Resp. Mem. Ex.

B, ECF No. 8-3 at 1.

Szanyi's full-term release date is December 23, 2033. *Id.* at 3. She was awarded 244 days of jail credit for the period from May 26, 2021 until January 24, 2022. *Id.* Her good conduct release date, based on the assumption that Szanyi will earn and not lose any of her 679 days of projected good conduct time, is February 13, 2032, nine years hence. *Id.*

Szanyi began to earn FSA time credits on May 24, 2022, when her risk-needs assessment was completed. *See* Resp. Mem. Ex. C, ECF No. 8-4 at 2. Through October 9, 2022, she has earned 40 days of time credits. *Id.* The Court assumes she has continued to earn additional credit in the previous three months.

**Standard of Review**

Section 2241 affords relief only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition filed pursuant to section 2241 may be used to challenge the execution of a prison sentence. Thus, section 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006). Before filing a habeas petition pursuant to section 2241, prisoners are required to exhaust internal grievance procedures. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001).

**Discussion**

Szanyi argues that, if she is awarded all the FSA time credits to which she believes she is entitled, her period of incarceration will end. ECF No. 1 at 2. Specifically, she contends that she should be awarded 660 days of credit under the statutory presumption that "'eligible inmates will be afforded a presumption of participation for the period between December 21, 2018 and January 14, 2021 and be awarded Time Credits accordingly.' (15 days for each month = 360)."

*Id.*[1] Szanyi further alleges that she "participated in an apprenticeship program that awards 500 days of time credits, an additional 1000 hours, as well as other recidivism reducing/rehabilitative programs since the implementation of the FSA." *Id.*

Szanyi claims credit for an apprenticeship and other programs. An inmate, however, "may earn time credits only for completing programs to which [she] has been specifically assigned based on [her] particular recidivism risk." *Milchin v. Warden*, No. 3:22-cv-195 (KAD), 2022 WL 168836, at *3 (D. Conn. May 25, 2022). Szanyi does not allege that she was assigned to the apprenticeship, or any other programs, based on her recidivism risk. Thus, her allegations do not support the claim that her participation in these programs warrants FSA time credits.

Szanyi also seeks to have all FSA time credits applied to her sentence as soon as they are earned. Time credits, like good conduct time, may be lost. *See* 28 C.F.R. § 523.43 (entitled Loss of FSA time credits); 28 C.F.R. § 541.3 (loss of FSA time credits an available sanction for prohibited acts). For this reason, the statute provides that, while time credits may be accumulated each month, an inmate is not eligible to have those credits applied until the inmate has accumulated "earned time credits under the risk and needs assessment system . . . in an amount that is **equal to the remainder of the prisoner's imposed term of imprisonment**." 18 U.S.C. § 3624(g)(1)(A) (emphasis added.). At that time, the time credits can be immediately applied and would no longer be subject to loss for future prohibited acts.

Szanyi's projected release date, assuming that she receives all good time credit available, is February 13, 2032, over nine years from now. Thus, before any FSA time credits can be applied, Szanyi must accumulate approximately 3,285 days of credit— half the number of days

---

[1] Szanyi seeks earned credits for this time period even though she was not incarcerated. This appears to be a fundamental misapprehension of the FSA. The regulations specifically exclude time an inmate is not confined in a BOP facility from the calculation. *See* 28 C.F.R. § 523.41(c)(4). Thus, Szanyi is not eligible for this credit.

remaining on her sentence. Her argument to the contrary notwithstanding, she does not claim to have done this and her records show that she had accumulated only 40 days of credit as of October 9, 2022. *See* ECF No. 8-4 at 2. Thus, Szanyi's request to have time credits applied immediately is without merit.[2]

**Conclusion**

The respondents' motion to dismiss [**ECF No. 8**] is **GRANTED**. The Clerk of the Court is directed to enter judgment and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 30th day of January 2023.

       */s/ Kari A. Dooley*
       KARI A. DOOLEY
       UNITED STATES DISTRICT JUDGE

---

[2] Even if the Court accepted that all of the days of credit Szanyi seeks did apply, which as discussed above the Court cannot do, the genesis of Szanyi's claim that she is entitled to immediate release in light of such a lengthy sentence is difficult to discern.